IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LISA GUNDERSON,

      Plaintiff,

vs.                                         Civ. No. 03-737 JP/RLP

BRADBURY STAMM CONSTRUCTION, INC.,
a New Mexico corporation,

      Defendant.

MEMORANDUM OPINION AND ORDER

      On May 17, 2004, the Defendant filed Defendant's Motion for Partial Summary Judgment on Damages and Memorandum of Law in Support (Doc. No. 51).  Having reviewed the briefs and relevant law, the Court finds that the Defendant's motion for summary judgment should be granted in part.

A.  Background

      This is an employment discrimination case in which the Plaintiff alleges sex discrimination, pregnancy discrimination, and retaliation in violation of Title VII.  The Plaintiff also alleges violations of the Family Medical Leave Act (FMLA). Finally, the Plaintiff alleges New Mexico common law retaliatory discharge as well as sex discrimination and retaliation in violation of the New Mexico Human Rights Act (NMHRA).

      The Plaintiff has a bachelor of science degree in construction management.  Defendant employed Plaintiff as a project engineer in September 2001 where she earned $40,000 a year plus benefits and bonuses.  In April 2002, the Plaintiff informed the Defendant she was pregnant.  The Plaintiff intended to work until she gave birth.  In June 2002, Defendant's Human Resources

Manager, Ellen Carle, informed Plaintiff that she could not take 12 weeks of maternity leave under the FMLA but that she could take maternity leave until a doctor released her to return to work. The Plaintiff then contacted Mickey Biesman, Defendant's vice-president and general counsel, about her concern that the Defendant was violating the FMLA by not allowing her to take 12 weeks of maternity leave.  On July 31, 2002, Ms. Beisman wrote a memo to the Defendant's CEO confirming that forcing female employees to take less than 12 weeks of maternity leave violated the FMLA.[1]  Defendant terminated Plaintiff from her position in September 2002 and allegedly replaced her with a male with less qualifications.  The Plaintiff's termination occurred before she could take maternity leave.  The Plaintiff gave birth on January 7, 2003.  Had the Plaintiff been employed with the Defendant, her FMLA leave would have ended by April 7, 2003.

The Defendant contends that the Plaintiff was an at-will employee and that the Plaintiff's employment was terminated as part of a reduction in force.  The Defendant also claims that the Plaintiff failed to mitigate damages beginning April 7, 2003, the date when Plaintiff's FMLA would have ended.  The Defendant, therefore, argues in this motion for partial summary judgment that the Plaintiff is not entitled to damages of any sort from the period beginning April 7, 2003, forward.  The Defendant does not dispute that the Plaintiff mitigated her damages as best she could from the time the Defendant terminated her in September 2002 until April 7, 2003.

The following facts, unless otherwise noted, are undisputed facts material to the issue of mitigation of damages.  Before the Defendant terminated Plaintiff, the Plaintiff intended to take 12 weeks of maternity leave as provided by the FMLA and then return to full-time work.  Because

---

[1]Defendant terminated Ms. Biesman in August 2002.

the Plaintiff's earnings were almost twice those of her husband's, Plaintiff's husband was going to quit his job so he could care for the baby after the Plaintiff returned to full-time work.  Those plans changed, however, when the Defendant terminated the Plaintiff.  After the baby was born, Plaintiff's husband continued to work full-time.  The Plaintiff did not begin looking for work until August 31, 2003, almost two months after she filed this lawsuit, because she was busy taking care of the baby. When the Plaintiff began looking for work it was for only part-time work which could be performed during the evenings or weekends so she did not have to place her baby in day care.

Plaintiff states she searched for jobs two or three days a week for an hour or two each day.  Plaintiff searched the newspaper classified ads, Vault newsletter, as well as Monster.com. Plaintiff was interested in applying for positions at Starbucks, Garcia Mortuary, Kelly Services, Snelling, Lowes, and Home Depot.  In November 2003, the Plaintiff pursued a part-time work opportunity with Gordon Construction where she would have helped with estimating, project engineering and filing.  Gordon Construction, however, did not hire the Plaintiff.  The Plaintiff notes that the construction industry does not offer many part-time positions in the evenings and weekends.

The Plaintiff is currently a part-time sales associate at Foley's department store as well as a mystery shopper for several companies on a part-time basis.  The Plaintiff now makes $7.00 an hour at Foley's while the mystery shopper job does not always pay the Plaintiff beyond reimbursements of her shopping expenses.  These jobs allow the Plaintiff to work around her husband's schedule so she can care for their child while her husband is at work.

B. Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).  An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

C.  Discussion

1.  Duty to Mitigate Damages in Title VII and FMLA Cases

Title VII and FMLA claimants have an obligation to mitigate damages.  *See, e.g., Miller v. AT & T Corp.*, 250 F.3d 820, 838 (4th Cir. 2001)(FMLA claimant has duty to mitigate damages); *Excel Corp. v. Bosley*, 165 F.3d 635, 639 (8th Cir. 1999)(a Title VII claimant seeking back pay or front pay has a duty to mitigate damages).  "A claimant is required to make only reasonable exertions to mitigate damages, and is not held to the highest standards of diligence.  It does not compel him to be successful in mitigation.  It requires only an honest good faith effort." *United*

4

*States v. Lee Way Motor Freight, Inc.*, 625 F.2d 918, 938 (10th Cir. 1979). The employer has

the burden of showing that the plaintiff did not mitigate damages. *Id.* at 937. To satisfy this

burden, the employer "'must establish (1) that the damage suffered by plaintiff could have been

avoided, i.e. that there were suitable positions available which plaintiff could have discovered and

for which he was qualified; and (2) that plaintiff failed to use reasonable care and diligence in

seeking such a position.'" *Equal Opportunity Commission v. Sandia Corp.*, 639 F.2d 600, 627

(10th Cir. 1980)(quoting *Sias v. City Demonstration Agency*, 588 F.2d 692, 696 (9th Cir. 1978)).

"An employer ... is released from the duty to establish the availability of comparable employment

if it can prove that the employee made no reasonable efforts to seek such employment." *See, e.g.,*

*Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 54 (2nd Cir. 1998)(citations omitted). In this

case, the Defendant argues that the Plaintiff did not use reasonable care and diligence in seeking a

position suitable or comparable to the position she held before her termination, namely, the

position of a full-time project engineer.

Comparable employment "'affords virtually identical promotional opportunities,

compensation, job responsibilities, and status as the position from which the [discharged] claimant

has been discriminatorily terminated.'" *See, e.g., Booker v. Taylor Milk Co., Inc.*, 64 F.3d 860,

866 (3d Cir. 1995)(quoting *Sellers v. Delgado College*, 902 F.2d 1189, 1193 (5th Cir. 1990)).

Comparable employment also refers to the hours per week a claimant worked at his or her

terminated position. *Rasimas v. Michigan Dept. of Mental Health*, 714 F.2d 614, 624 (6th Cir.

1983)(quoting *McCann Steel Co. v. NLRB*, 570 F.2d 652, 655 (6th Cir. 1978)); *Meyer v. United*

*Air Lines, Inc.*, 950 F.Supp. 874, 876 (N.D. Ill. 1997). "The reasonableness of the effort to find

substantially equivalent employment should be evaluated in light of the individual characteristics

of the claimant and the job market." *Rasimas*, 714 F.2d at 624 (citation omitted).  However,

personal reasons cannot be used to justify an otherwise lack of reasonable diligence.  *See, e.g.,*

*Williams v. Imperial Eastman Acquisition Corp.*, 994 F.Supp. 926, 932 (N.D. Ill. 1998)(citing

*Meyer*, 950 F.Supp. at 876).

First, it is undisputed that the Plaintiff withdrew from the work place from April 7, 2003

to August 31, 2003.  The Defendant "meet[s] its burden on a mitigation defense where it

demonstrates that the employee has withdrawn from the job market."  *Baker v. John Morrell &*

*Co.*, 263 F.Supp.2d 1161, 1181 (N.D. Iowa 2003)(citing *Tubari Ltd. Inc. v. NLRB*, 959 F.2d 451,

454 (3d Cir. 1992)).  Second, after August 31, 2003, the Plaintiff sought part-time jobs which did

not provide virtually identical promotional opportunities, compensation, job responsibilities, and

status as her previous job as a project engineer.  A reasonable juror would find that the Defendant

carried its burden of showing that Plaintiff's efforts to mitigate damages beginning April 7, 2003

were not diligent or reasonable.  Consequently, the Plaintiff is not entitled to Title VII and FMLA

damages from April 7, 2003 until the Plaintiff mitigates her damages by seeking through

reasonable efforts or obtaining full-time employment comparable to her previous position as a

project engineer.

2.  Duty to Mitigate Damages in Cases Alleging Common Law Retaliatory Discharge and
Violations of the NMHRA

In New Mexico, a plaintiff bringing common law retaliatory discharge claims and claims

under the New Mexico Human Rights Act has a duty to mitigate damages by securing other

employment.  *Gonzales v. New Mexico Department of Health*, 2000-NMSC-029 ¶27,11 P.3d

550; *Vigil v. Arzola*, 102 N.M. 682, 689, 299 P.2d 613, 620 (Ct. App. 1983), *rev'd in part on*

*other grounds*, 101 N.M. 687, 687 P.2d 1038 (1984), *overruled in part on other grounds by*

*Chavez v. Manville Prods. Corp.*, 108 N.M. 643, 650, 777 P.2d 371, 378 (1989)(recognizing an

employee's duty of mitigation).  The duty to mitigate damages requires the plaintiff to act in a

reasonable manner to minimize or lessen his or her damages.  *See* UJI 13-1811, NMRA 1998; UJI

13-1603, NMRA 1998.  The burden of proving mitigation of damages rests with the employer.

*See Acme Cigarette Servs., Inc. v. Gallegos,* 91 N.M. 577, 580, 577 P.2d 885, 888 (Ct. App.

1978)(citing *State ex. rel. Freeman v. Sierra County Bd. of Educ.*, 49 N.M. 54, 57, 157 P.2d 234,

236 (1945)).

 The fact that the Plaintiff decided not to seek employment from April 7, 2003 to August

31, 2003 facially demonstrates a failure to mitigate damages.  However, New Mexico's broad

definition of the duty to mitigate damages may allow for the care of family members.

Consequently, whether the Plaintiff acted reasonably in not seeking employment from April 7,

2003 to August 31, 2003 is a question for the jury to address.  Moreover, since New Mexico law

does not require that a plaintiff find comparable employment but rather only to secure

employment, there is a question of material fact as to whether the type of employment the Plaintiff

sought and ultimately secured after August 31, 2003 was the result of reasonable efforts to

mitigate damages. This question is likewise more appropriately addressed by a jury.  Therefore,

summary judgment will be denied as to the Plaintiff's state claims.

 IT IS ORDERED that Defendant's Motion for Partial Summary Judgment on Damages

and Memorandum of Law in Support (Doc. No. 51) is:

 1. granted in that the Plaintiff will not be entitled to Title VII and FMLA damages for lost

earnings from April 7, 2003 until the Plaintiff mitigates her damages by seeking through

reasonable efforts or obtaining full-time employment comparable to a project engineer; and

     2.  denied as to Plaintiff's claims under New Mexico state law for damages for lost

earnings.


_____

SENIOR UNITED STATES DISTRICT JUDGE