IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LISA GUNDERSON,

     Plaintiff,

vs.                                                                        Civ. No. 03-737 JP/RLP

BRADBURY STAMM CONSTRUCTION, INC.,
a New Mexico corporation,

     Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

On August 4, 2004, the Court granted in part Defendant's Motion for Partial Summary

Judgment on Damages and Memorandum of Law in Support (Doc. No. 51).  Memorandum

Opinion and Order (Doc. No. 64).  *See also* Partial Summary Judgment Regarding Damages

(Doc. No. 65), filed Aug. 4, 2004. The Court found that summary judgment was appropriate with

respect to the Plaintiff's claim for damages for lost earnings from April 7, 2003 until the Plaintiff

mitigates her Title VII and Family Medical Leave Act damages by seeking through reasonable

efforts or obtaining full-time employment comparable to a project engineer.  The Court, on the

other hand, found that summary judgement was not appropriate with respect to the Plaintiff's

claim for damages for lost earnings under New Mexico state law.  On August 6, 2004, the

Defendant filed Defendant's Motion for Reconsideration of the Court's Ruling on Partial

Summary Judgment (Doc. No. 68).  The Defendant moves the Court to reconsider its ruling

regarding the Plaintiff's claim for damages for lost earnings under New Mexico state law.[1]  On

August 10, 2004, the Defendant filed Defendant's Supplement to its Motion for Reconsideration

of the Court's Ruling on Partial Summary Judgment (Doc. No.70).  The supplement contains

Defendant's request to file an application for an interlocutory appeal of the August 4, 2004

Memorandum Opinion and Order should the Court deny the Defendant's motion for

reconsideration.  The Defendant also asks the Court to stay the litigation while its application for

interlocutory appeal is pending as well as for the time during which the interlocutory appeal is

pending.[2]  Having reviewed the briefs and relevant law, the Court finds that the Defendant's

motion to reconsider should be granted.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration.

*Computerized Thermal Imaging, Inc. v. Bloomberg, L. P.*, 312 F.3d 1292, 1296 n. 3 (10th Cir.

2002)(citing *Clough v. Rush,* 959 F.2d 182, 186 n. 4 (10th Cir. 1992)). Nevertheless, a motion

for reconsideration can be considered a motion to alter or amend the judgment under Fed. R. Civ.

P. 59(e) if it is filed within 10 days of the entry of judgment. *Id.*  The Defendant brings this motion

within ten days of the entry of the Court's Partial Summary Judgment Regarding Damages.

---

[1]In her response to the Defendant's motion for reconsideration, the Plaintiff attempts to also move for reconsideration of the Court's ruling that the Plaintiff failed to mitigate damages with respect to her federal law claims.  The Plaintiff cannot circumvent the motion practice by inserting a motion within a response.  If the Plaintiff wishes to further pursue her arguments regarding the mitigation of damages issue, she must do so in an appropriate motion and under the appropriate Federal Rule of Civil Procedure.  The Court notes that these arguments could have been raised earlier when the Plaintiff submitted her brief in response to the motion for partial summary judgment.

[2]Moreover, the supplement contains a request for expedited briefing on the Defendant's motion to reconsider.  The Court ordered expedited briefing on August 17, 2004.  Order (Doc. No. 74).

Consequently, the Court construes this motion to reconsider as a Fed. R. Civ. P. 59(e) motion to amend or alter judgment. *See Phelps v. Hamilton*, 122 F.3d 1309, 1323 (10th Cir. 1997) (a motion filed within 10 days of the entry of the judgment seeking to alter the substantive ruling of the court is properly considered a Rule 59(e) motion).

The Court can grant a Rule 59(e) motion to alter or amend judgment for one of three reasons: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)(citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).   A Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*.   A Rule 59(e) motion, however, is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*. (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992)).   The decision to grant or deny a Rule 59(e) motion is left to the sound discretion of the trial court. *See Minshall v. McGraw Hill Broadcasting Co., Inc.*, 323 F.3d 1273, 1287 (10th Cir. 2003)(citation omitted).

The Defendant argues that federal and New Mexico law are identical with respect to a discharged employee's duty to mitigate damages.  The Defendant contends that the New Mexico Uniform Jury Instructions, New Mexico case law, and New Mexico state public policy support this argument.  The Defendant, therefore, concludes that the Plaintiff likewise failed to mitigate her damages with respect to her state law claims.

UJI 13-2311 NMRA 1998 (effective 1999) provides for the lost wages of a wrongfully discharged employee.  The Directions for Use state: "Where mitigation of damages is a jury

question, it may be appropriate, in lieu of this instruction, to adapt the instruction applicable to

damages for breach of an express contract of employment, if the instruction is suited to the facts.

*See* UJI 13-851."  UJI 13-851 NMRA 1998 (effective 1991) provides for a deduction of the

amount of money a plaintiff "could through the exercise of reasonable diligence have earned ...

from employment of the same quality as  [his] [her] employment...."   The Committee Comment

for UJI 13-851 states:

> The doctrine of mitigation... in wrongful discharge cases is based on the principle that a
> wrongfully discharged employee will not be permitted to remain idle at the previous
> employer's expense when suitable work is available and will not be placed in a better
> position by the award of damages than he would have occupied had the contract been
> performed. Consequently, income that the employee earned or reasonably could have
> earned from similar employment during the period of the breach will be deducted from
> damages.  Employment is "similar" if it is of the same quality.  Also, income that the
> employee actually earned from any other employment during the period of the breach will
> be deducted.

Citations omitted.  Although New Mexico case law is not clear as to whether a discharged

employee must seek only "other employment" or similar employment to mitigate damages, UJI

13-851 and its Committee Comment provide a basis for finding that under New Mexico law a

discharged employee must seek similar employment in order to mitigate damages.[3]  This

mitigation of damages standard is substantially the same as that for Title VII and Family Medical

Leave Act claims.  *See Equal Opportunity Commission v. Sandia Corp.*, 639 F.2d 600, 627 (10th

---

[3]Plaintiff cites *McGinnis v. Honeywell, Inc.*, 110 N.M. 1, 791 P.2d 452 (1990) to support
her argument that she does not need to find similar employment to mitigate damages regarding
her state claims.  The New Mexico Supreme Court in *McGinnis*, however, found that no evidence
was presented to the jury that the plaintiff "could have found a job in Albuquerque paying a salary
comparable to her job at Honeywell within some defined period of time...."  *Id.* at 7, 791 P.2d at
458 (emphasis added).  The jury, therefore, did not have to reduce the plaintiff's damages.  *Id*.
The Court also notes that UJI 13-2311 and UJI 13-851 became effective after *McGinnis* was
decided.

Cir. 1980)(quoting *Sias v. City Demonstration Agency*, 588 F.2d 692, 696 (9th Cir. 1978))( the employer alleging failure to mitigate damages "'must establish (1) that the damage suffered by plaintiff could have been avoided, i.e. that there were suitable positions available which plaintiff could have discovered and for which he was qualified; and (2) that plaintiff failed to use reasonable care and diligence in seeking such a position.'").  Federal mitigation of damages cases are, therefore, persuasive authority and should be applied to the Plaintiff's claim for lost earnings under state law.  Consequently, the Defendant's motion for reconsideration will be granted. Accordingly, the Plaintiff will not be entitled to state law damages for lost earnings from April 7, 2003 until the Plaintiff mitigates her damages by seeking through reasonable efforts or obtaining full-time employment similar to her previous position as a project engineer.

IT IS ORDERED that Defendant's Motion for Reconsideration of the Court's Ruling on Partial Summary Judgment (Doc. No. 68) is granted.

_____
SENIOR UNITED STATES DISTRICT JUDGE

5